UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No.:

ALBERTO ROLDAN,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

## **COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Alberto Roldan, by and through undersigned counsel hereby files his Complaint against Defendant, The Prudential Insurance Company of America, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Alberto Roldan ("Mr. Roldan"), is a resident of Osceola County, Florida and was at all times relevant a participant of the long-term disability policy ("long-term disability policy") at issue. Defendant, The Prudential Insurance Company of America ("Prudential" or "Defendant"), is the insurer and claims administrator of the long-term disability policy at issue, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.   FACTS

3. At all times material to this action there was in full force and effect a group long-term disability insurance policy constituting binding contract of insurance between the parties. This policy was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Mr. Roldan was employed by Microsoft Corporation ("Microsoft") as an Information Technology Consultant. By virtue of his employment at Microsoft, Mr. Roldan was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Mr. Roldan a monthly benefit in the event that he became disabled ("long-term disability benefits").

7. The long-term disability policy defines Disability, in pertinent part, as follows:

*You are disabled when Prudential determines that due to your **sickness** or **injury**:*

> *[Y]ou are unable to perform the **material and substantial duties** of your **regular occupation**, or you have a 20% or more loss in your **monthly earnings**; and you are under the **regular care** of a **doctor***

*After 24 months of payment, you are disabled when Prudential determines that due to the same sickness or injury:*

> *[Y]ou are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience; and you are under the regular care of a doctor; and you are under the regular care of a doctor*

8. Mr. Roldan's medical history includes, but is not limited to, lumbago with sciatica of left and right sides, chronic pain, colitis, diabetes, chronic obstructive pulmonary disorder, migraines, amputation below his right knee, a previous heart attack, migraines, recurrent major depressive disorder with psychotic features and suicidal plans, and bipolar

disorder.

9. Mr. Roldan has been unable to perform the material duties of any occupation and he his disabled under the terms of the long-term disability earnings.

10. Mr. Roldan was forced to discontinue working on or around June 16, 2017 due to his physical and mental conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Mr. Roldan notified Defendant that he was disabled.

12. Defendant acknowledged Mr. Roldan's disability and accepted liability by paying long-term disability benefits effective on or around July 11, 2017.

13. By letter dated January 25, 2018, Defendant terminated Mr. Roldan's long-term disability benefits effective November 10, 2017.

14. Mr. Roldan timely appealed Defendant's decision to terminate his long-term disability benefits.

15. By letter dated June 14, 2018, Defendant once again acknowledged Mr. Roldan's disability and accepted liability by reinstated his long-term disability benefits.

16. By letter dated November 13, 2019, Defendant again terminated Mr. Roldan's long-term disability benefits, effective December 18, 2019.

17. Mr. Roldan timely appealed Defendant's decision to terminate his long-term disability benefits by letter dated May 11, 2020.

18. By letter dated June 30, 2020, Defendant denied Mr. Roldan's appeal.

19. Mr. Roldan has exhausted his mandatory appeals under ERISA.

20. Mr. Roldan is disabled under the terms of the long-term disability policy.

21. In terminating Mr. Roldan's long-term disability benefits, Defendant

deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

22. The termination of Mr. Roldan's disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

23. Defendant's termination of Mr. Roldan's long-term disability benefits breached the fiduciary duties owed to Mr. Roldan under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Roldan as a participant of the long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 23 as if fully stated herein and says further that:

24. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

25. Plaintiff is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the policy;

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits; and

    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

26. Defendant has refused to pay the benefits sought by Mr. Roldan ignoring the medical records and clear opinions of his treating physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 26 as if fully

stated herein and says further that:

27. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 27 as if fully stated herein and says further that:

28. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

29. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

30. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alberto Roldan, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 11th day of September 2020,*

BY: */s/ Geannina A. Burgos*
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Alberto Roldan*